IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN PERRY, as agent for<br>Fern Bush Elliott,<br>　　　　Plaintiff | )<br>)<br>)<br>) | C.A. No. 11-234 Erie |
| v. | )<br>) | District Judge McLaughlin<br>Magistrate Judge Baxter |
| MICHAEL E. DUNLAVEY, et al.,<br>　　　　Defendants | )<br>)<br>) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.　RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for emergency temporary restraining order and for preliminary injunctive relief [ECF No. 2] be denied.

### II.　REPORT

#### A.　Relevant Procedural and Factual History

On October 6, 2011, Plaintiff Allen Perry, as agent for his mother, Fern Bush Elliott, filed this *pro se* civil rights action against, *inter alia*, the Honorable Michael E. Dunlavey ("Judge Dunlavey"), the Court of Common Pleas of Erie County ("Erie County Court"), James Warmbrodt, Esquire ("Warmbrodt"), and the law firm of Weltman, Weinberg & Reis, LLC ("Weltman"). The complaint in this case is accompanied by a motion for emergency temporary restraining order and for preliminary injunctive relief [ECF No. 2], in which Plaintiff seeks an Order of this Court enjoining Defendants Judge Dunlavey, Erie County Court, Warmbrodt, and Weltman from proceeding any further with a civil action currently pending against Plaintiff's mother in the Erie County Court before Judge Dunlavey. In particular, Plaintiff complains that Judge Dunlavey and the Erie County Court have "unlawfully denied" Plaintiff the right to represent his mother's interests and "are now attempting to impose a guardian ad litem in

1

furtherance of what Plaintiff avers is a nefarious agenda...." (ECF No. 2 at ¶ 13).

This Court held a telephone hearing with regard to Plaintiff's motion on October 26, 2011, during which Plaintiff voiced his objection to Judge Dunlavey's refusal to allow him to act as his mother's attorney in court, citing the fact that he possesses a durable power of attorney that gives him the legal right to act on behalf of his mother. Plaintiff further voiced his belief that he is best able to represent his mother's interests.

**B.** **Standard of Review**

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). Where the requested preliminary injunction "is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir.1980); see also Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994). Indeed, "[m]andatory injunctions should be used sparingly," and only when the status quo is one of action that will inflict irreparable injury on the movant. United States v. Price, 688 F.2d 204, 212 (3d Cir.1982). A preliminary injunction is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993).

The four factors that must be shown for the issuance of a preliminary injunction are: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the non-moving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticello, ___ F.3d ___, ___, 2010 WL 2902729 at *5 (3d Cir. July 27, 2010) quoting Miller v. Mitchell, 598 F. 3d 139, 147 (3d Cir. 2010). However, if the record does not at least support a finding of **both** irreparable

2

injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

The initial inquiry is as follows: the movant must demonstrate both (1) that he is reasonably likely to succeed on the merits and (2) that he is likely to experience irreparable harm without the injunction. Adams, 204 F.3d at 484. If both of these factors are shown, the effect on the nonmoving parties and the public interest may be considered. Id. As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. Neo Gen Screening, Inc. v. TeleChem Intern., Inc., 69 Fed.Appx 550, 554 (3d Cir. 2003).

The Third Circuit "has placed particular weight on the probability of irreparable harm and the likelihood of success on the merits." Ortho Biotech Products, L.P. v. Amgen Inc., 2006 WL 3392939 at *5 (D.N.J.) quoting Apollo Tech Corp. v. Centrosphere Indus. Corp., 805 F.Supp. 1157, 1205 (D.N.J. 1992). In fact, irreparable injury is the key: "irreparable injury must be present for a preliminary injunction to issue." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 800 (3d Cir. 1989). See also In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982)("a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction").

Further, injunctive relief is generally only available to those plaintiffs who have been identified and who have established an actual right to relief. Adams, 204 F.3d at 487. And, importantly, if this Court cannot provide complete relief in this situation, a preliminary injunction is inappropriate: "[I]njunctive relief should be 'no more burdensome to the defendant than necessary to provide complete relief to plaintiffs.'" Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm'al Co., 290 F.3d 578, 598 (3d Cir. 2001) quoting Califano v. Yamasaki, 442 U.S. 682, 702 (1979).

### C. Discussion

In this case, Plaintiff has failed to show a likelihood of success on the merits as to any of the Defendants named in his motion.

### 1. Defendant Judge Dunlavey

In 1996, Congress enacted the Federal Courts Improvement Act ("FCIA"), Pub.L.No. 104-317, 110 Stat. 3847 (1996), in which it amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." The clear purpose of the FCIA was to protect judges from injunctive suits challenging actions taken in their adjudicatory capacities.[1]

Thus, judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." <u>Mireles</u>, 502 U.S. at 11-12. In this case,

---

[1]

In recommending enactment of the FCIA's amendment of Section 1983, the Senate Judiciary Committee found the following:
> This section restores the doctrine of judicial immunity to the status it occupied prior to the Supreme Court's decision in <u>Pulliam v. Allen</u>, 466 U.S. 522 (1984) ...
> In <u>Pulliam</u>, the Supreme Court broke with 400 years of common-law tradition and weakened judicial immunity protections. The case concerned a State magistrate who jailed an individual for failing to post bond for an offense which could be punished only by a fine and not incarceration. The Defendant filed an action under 42 U.S.C. 1983, obtaining both an injunction against the magistrate's practice of requiring bonds for non-incarcerable offenses, and an award of costs, including attorney's fees. The Supreme Court affirmed, expressly holding that judicial immunity is not a bar to injunctive relief in section 1983 actions against a State judge acting in a judicial capacity, or to the award of attorney's fees under the Civil Rights Attorney's Fees Award Act, 42 U.S.C. 1988. Those statutes are now amended to preclude awards of cost and attorney's fees against judges for acts taken in their judicial capacity, and to bar injunctive relief unless declaratory relief is inadequate.

S. REP. No. 104-366, at 36-7 (1996), <u>reprinted in</u> 1996 U.S.C.C.A.N. 4202, 4216-17.

the challenged actions or inactions of Defendant Judge Dunlavey were clearly taken in his judicial capacity and were within his respective jurisdiction. In addition, there is no claim or evidence that any declaratory decree was violated or that declaratory relief is unavailable in this case. As a result, Defendant Judge Dunlavey is immune from Plaintiff's claim for injunctive relief.

### 2. **Defendant Erie County Court**

Plaintiff's underlying claims in this matter are brought pursuant to 42 U.S.C. § 1983. As an agency or arm of the Commonwealth of Pennsylvania, Defendant Erie County Court is not a "person" against whom a civil rights action may be brought under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's claims against Defendant Erie County Court are without merit.

### 3. **Defendants Warmbrodt and Weltman**

The primary injunctive relief sought by Plaintiff is an Order enjoining Judge Dunlavey from denying Plaintiff the right to represent his mother in court, and preventing the appointment of a guardian ad litem for his mother. Neither Defendant Warmbrodt nor Defendant Weltman have the authority to take either of the actions sought to be enjoined by Plaintiff and, thus, are not proper parties against whom the requested injunctive relief may be granted.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for emergency temporary restraining order and for preliminary injunctive relief [ECF No. 2] be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P.

5

72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

<u>/s/ Susan Paradise Baxter</u><br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Dated: October 31, 2011

cc: The Honorable Sean J. McLaughlin
United States District Judge