# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLEN PERRY, as agent for** | ) | |
| **Fern Bush Elliott,** | ) | C.A. No. 11-234 Erie |
|         **Plaintiff** | ) | |
| | ) | |
|         v. | ) | District Judge McLaughlin |
| | ) | Magistrate Judge Baxter |
| **MICHAEL E. DUNLAVEY, et al.,** | ) | |
|         **Defendants** | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that:

1. The motion to dismiss filed by Defendants Michael E. Dunlavey, Court of Common Pleas of Erie County, Roger Richards, John Munch, and Inez Massella [ECF No. 29] be granted;

2. The motion to dismiss filed by Defendants James Warmbrodt and Weltman, Weinberg & Reis Co., LPA [ECF No. 31] be granted; and

3. The motion to dismiss filed by Defendant Discover Bank [ECF No. 36] be granted.

**II.  REPORT**

**A.  Relevant Procedural and Factual History**

On October 6, 2011, Plaintiff Allen Perry, as agent for his mother, Fern Bush Elliott, filed this *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, against the Honorable Michael E. Dunlavey ("Judge Dunlavey"), Erie County Court of Common Pleas ("Erie County Court"), Discover Bank ("Discover"), James Warmbrodt, Esquire ("Warmbrodt"), the law firm of Weltman, Weinberg & Reis, LLC ("Weltman"), Roger Richards, Esquire ("Richards"), John Munch, Esquire ("Munch"), and Inez Massella ("Massella").

In his complaint Plaintiff seeks an Order of this Court enjoining Defendants Judge

Dunlavey, Erie County Court, Warmbrodt, and Weltman from proceeding any further with a civil action currently pending against Plaintiff's mother in the Erie County Court before Judge Dunlavey. In seeking such relief, Plaintiff asserts several allegations of judicial impropriety against Defendants Judge Dunlavey and Erie County Court, and further alleges that Defendants Warmbrodt and Weltman "are using the state court, with the help of Defendant Dunlavey to intentionally interfere with Plaintiff's rights." (ECF No. 10, Complaint, at ¶ 84). Plaintiff has also asserted allegations of impropriety against Defendants Richards, Munch, Massella arising from their roles as arbitrators of the underlying state court action. Finally, Plaintiff has named Defendant Discover as a defendant in this action solely "by virtue of having knowingly allowed Defendants [Weltman] and Warmbrodt to use their [sic] name as a Plaintiff in a state court action, where there is no evidence that they [sic] are or ever were a proper plaintiff party." (Id. at ¶ 16).

On May 15, 2012, Defendants Judge Dunlavey, Erie County Court, Richards, Munch, and Massella filed a motion to dismiss [ECF No. 29] arguing, *inter alia*, that each of said Defendants is immune from Plaintiff's claims. Defendants Warmbrodt and Weltman filed their own motion to dismiss on May 17, 2012 [ECF No. 31], arguing, *inter alia*, that this Court does not have subject matter jurisdiction over Plaintiff's claims. Defendant Discover subsequently filed a motion to dismiss on June 15, 2012 [ECF No. 36], also challenging, *inter alia*, this Court's subject matter jurisdiction. Despite having been given ample to do so, Plaintiff has failed to file a response to any of Defendants' motions. This matter is now ripe for consideration.

### B.     Standards of Review
#### 1.     Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A

complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded

> factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

In this case, Plaintiff has failed to state a cognizable claim against any of the named Defendants, for the reasons hereinafter set forth.

**1.     Defendant Judge Dunlavey**

In 1996, Congress enacted the Federal Courts Improvement Act ("FCIA"), Pub.L.No. 104-317, 110 Stat. 3847 (1996), in which it amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." The clear purpose of the FCIA was to protect judges from injunctive suits challenging actions taken in their adjudicatory capacities.[1]

Thus, judicial immunity may be overcome only when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. In this case, the challenged actions or inactions of Defendant Judge Dunlavey were clearly taken in his judicial capacity and were within his respective jurisdiction. In addition, there is no claim or evidence that any declaratory decree was violated or that declaratory relief is unavailable in this case. As a result, Defendant Judge Dunlavey is immune from Plaintiff's claims for injunctive

---

[1] In recommending enactment of the FCIA's amendment of Section 1983, the Senate Judiciary Committee found the following:

> This section restores the doctrine of judicial immunity to the status it occupied prior to the Supreme Court's decision in Pulliam v. Allen, 466 U.S. 522 (1984) ... In Pulliam, the Supreme Court broke with 400 years of common-law tradition and weakened judicial immunity protections. The case concerned a State magistrate who jailed an individual for failing to post bond for an offense which could be punished only by a fine and not incarceration. The Defendant filed an action under 42 U.S.C. 1983, obtaining both an injunction against the magistrate's practice of requiring bonds for non-incarcerable offenses, and an award of costs, including attorney's fees. The Supreme Court affirmed, expressly holding that judicial immunity is not a bar to injunctive relief in section 1983 actions against a State judge acting in a judicial capacity, or to the award of attorney's fees under the Civil Rights Attorney's Fees Award Act, 42 U.S.C. 1988. Those statutes are now amended to preclude awards of cost and attorney's fees against judges for acts taken in their judicial capacity, and to bar injunctive relief unless declaratory relief is inadequate.

S. REP. No. 104-366, at 36-7 (1996), reprinted in 1996 U.S.C.C.A.N. 4202, 4216-17.

relief.

### 2. Defendant Erie County Court

The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977)(state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985), citing Alabama v. Pugh, 438 U.S. 781 (1978).

In Benn v First Judicial District, 426 F.3d 233 (3d Cir. 2005), the Third Circuit ruled that Pennsylvania's court entities, such as the Erie County Court, are state entities entitled to full Eleventh Amendment immunity. See also Reiff v. Philadelphia Court of Common Pleas, 827 F.upp. 319 (E.D.Pa. 1993) (Court of Common Pleas of Philadelphia is a state entity which cannot be sued under § 1983); Robinson v. Court of Common Pleas of Philadelphia, 827 F.Supp. 1210 (E.D.Pa. 1993) (Court of Common Pleas of Philadelphia County is a state entity entitled to Eleventh Amendment immunity). Moreover, as an agency or arm of the Commonwealth of Pennsylvania, Defendant Erie County Court is not a "person" against whom a civil rights action may be brought under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's claims against Defendant Erie County Court are barred by Eleventh Amendment immunity and must be dismissed.

### 3. Defendants Warmbrodt, Weltman, and Discover

Plaintiff seeks to enjoin Defendants Weltman, Warmbrodt, and, ostensibly, Discover from proceeding further with the underlying state court action against Plaintiff's mother. In doing so, Plaintiff claims that said Defendants are "using the instrumentality of the [state] Court to unlawfully abscond the Plaintiff and his mother[']s property," by filing a "bogus complaint"

against Plaintiff's mother. [ECF No. 10, Complaint, at ¶¶ 16, 46).

In <u>Younger</u>, the Supreme Court held that it is appropriate for a federal court to abstain from hearing a civil suit when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." <u>Wattie-Bey v. Attorney General's Office</u>, 424 Fed.Appx 95, 96-97 (3d Cir. 2011).

In general, <u>Younger</u> abstention applies where a federal plaintiff seeks to enjoin state court proceedings dealing with the same subject matter, as is the case here. <u>See</u> <u>Marks v. Stinson</u>, 19 F.3d 873, 882 (3d Cr. 1994). The claims Plaintiff asserts against Defendants Weltman, Warmbrodt, and Discover, have been or can be raised in the underlying state court action at issue. As a result, this Court should abstain from exercising jurisdiction over such claims because resolving such claims here would interfere with the ongoing proceedings before the Erie County Court. <u>See</u> <u>Wattie-Bey</u>, 424 Fed.Appx. at 96-97 ("[i]n certain circumstances, district courts must abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceedings").

### 4. **Defendants Richards, Munch, and Massella**

Plaintiff's allegations against Defendants Richards, Munch, and Massella challenge actions they allegedly took as members of the arbitration panel that was assigned to hear the underlying state court dispute. In fact, Plaintiff makes clear at the outset of his complaint that said Defendants "are named herein for their role in a judicial capacity in an Arbitration hearing that was held on or about December 22, 2009." (ECF No. 10, Complaint, at ¶ 5).

In <u>Cahn v. Int'l Ladies' Garment Union</u>, 311 F.2d 113, 114-15 (3d Cir. 1962), the Third Circuit Court extended the doctrine of absolute judicial immunity to "quasi-judicial" officials, including arbitrators. <u>See</u> <u>also</u> <u>Garland v. U.S. Airways</u>, 2007 WL 895139 at *4 (W.D.Pa. Mar.

21, 2007) (holding that the plaintiff's claims against an arbitration board must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because the board was "entitled to absolute arbitral immunity as a matter of law"). Thus, Plaintiff's claims against Defendants Richards, Munch, and Massella, which are made against them solely in their judicial capacity, are barred by the doctrine of absolute judicial immunity.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1. The motion to dismiss filed by Defendants Michael E. Dunlavey, Court of Common Pleas of Erie County, Roger Richards, John Munch, and Inez Massella [ECF No. 29] be granted;

2. The motion to dismiss filed by Defendants James Warmbrodt and Weltman, Weinberg & Reis Co., LPA [ECF No. 31] be granted; and

3. The motion to dismiss filed by Defendant Discover Bank [ECF No. 36] be granted.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 1, 2012

cc: The Honorable Sean J. McLaughlin
United States District Judge